United States District Court
Southern District of Texas
**ENTERED**
February 01, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| COLBERT RITTGERS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-508 |
| | § | |
| DEPARTMENT OF THE ARMY, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

On January 29, 2016 came be held the initial pretrial conference ("IPTC") in the above-styled action. On December 21, 2015, Plaintiff Colbert Rittgers filed this action, claiming damages under the Privacy Act of 1974. 5 U.S.C. § 552a. On that same date, this Court set the IPTC for Friday, January 29, 2016 at 2:00 pm. (D.E. 2).

On January 15, 2016, Plaintiff filed a Motion Requesting Continuance of Initial Pretrial and Scheduling Conference, asking that the IPTC be moved to February 19, 2016. (D.E. 4). On January 19, 2016, this Court filed an Order denying Plaintiff's Motion. (D.E. 5). After 2:00 pm on January 29, 2016, this Court called the IPTC for the above-styled action. Plaintiff failed to appear.

The Supreme Court has recognized "[t]he inherent powers of federal courts are those which are necessary to the exercise of all others." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980). Federal courts have inherent powers necessary to achieve the orderly and expeditious disposition of their dockets, and to dismiss suits for want of prosecution. Fed. R. Civ. P. 41; *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-32 (1962); *Aucoin v. K-Mart Apparel Fashion Corp.*, 943 F.2d 6, 8-9 (5th Cir. 1991); *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985). "The authority of a court to dismiss *sua sponte* for lack of

prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditions disposition of cases." *Link*, 370 U.S. at 632. "[T]he failure to appear at a pretrial conference may, in the context of other evidence of delay, be considered by a District Court as justifying a dismissal with prejudice." *Id*. at 635. Further, "when circumstances make such an action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before action." *Id*. at 633.

    Accordingly, the Court DISMISSES the above-styled action for lack of prosecution.

    SIGNED and ORDERED this 1st day of February, 2016.

                                                      Janis Graham Jack
                                       Senior United States District Judge